IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Terry H. Capone, | ) | C/A No. 3:19-2490-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Terry H. Capone, a self-represented litigant, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on Plaintiff's motions for appointment of counsel. (ECF Nos. 26 & 52.)

Generally, there is no constitutional right to appointed counsel in civil actions, such as Title VII and ADA cases. See, e.g., Mallard v. United States District Court, 490 U.S. 296, 302 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Young v. K-Mart Corp., 911 F. Supp. 210, 211 (E.D. Va. 1996); Jason v. Baptist Hosp., 872 F. Supp. 1575 (E.D. Tex. 1994). Whether to grant a litigant's request for appointment of counsel is within the discretion of the district courts. See Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196 (2d Cir. 2003); Young, 911 F. Supp. at 211.

Some actions, such as those brought under Title VII or the ADA, provide statutory discretionary authority for a litigant to request appointment of counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1); see also 42 U.S.C. § 12117(a) (ADA) (applying by reference the powers, remedies, and procedures in § 2000e-5). However, the

circumstances under which a Title VII litigant is entitled to an appointed counsel are limited. See 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant."); Jason, 872 F. Supp. at 1579.

The United States Court of Appeals for the Fourth Circuit as well as other circuits have generally held when considering whether to exercise their discretion to appoint counsel under § 2000e-5(f)(1) that a district court should consider the following factors: (1) the plaintiff's financial resources; (2) the efforts of the plaintiff to retain counsel; and (3) the merits of the plaintiff's case. See, e.g., Scott v. Health Net Fed. Servs., LLC, 463 F. App'x 206, 209 (4th Cir. 2012); Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990); Poindexter v. Fed. Bureau of Investigation, 737 F.2d 1173, 1185 (D.C. Cir. 1984); Bradshaw v. Zoological Soc'y, 662 F. 2d 1301, 1318 (9th Cir. 1981). Some circuits have also considered the plaintiff's ability to represent himself. See Hunter v. Dep't of Air Force Agency, 846 F.2d 1314, 1317 (11th Cir. 1988); Poindexter, 737 F.2d at 1185. Finding this authority persuasive, as have other courts in this circuit, this court will review Plaintiff's request for appointment of counsel under these four factors. See Tyson v. Pitt Cnty. Gov't, 919 F. Supp. 205, 207 (E.D.N.C. 1996); Young, 911 F. Supp. at 211.

Upon review of the file, the court has determined that all four factors weigh against appointment of counsel. Plaintiff asserts he is unable to afford counsel, but he provides no proof of indigency.[1] Relatedly, Plaintiff indicates he attempted to hire counsel, but he has been "unsuccessful" after contacting ten law firms. Plaintiff fails to explain why he was not able to hire any of the attorneys he contacted. Plaintiff's claims are not overly complex and Plaintiff has

---

[1] Plaintiff is not proceeding *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915 and he paid the filing fee.

demonstrated through his filings that he understands the court's procedures and can read and comprehend the law. Accordingly, the court finds Plaintiff has not demonstrated that justice requires he be appointed counsel in this matter. Plaintiff's motions for appointment of counsel are denied.

**IT IS SO ORDERED.**

May 8, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE