IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Terry H. Capone, | ) | C/A No. 3:19-2490-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| City of Columbia, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Terry H. Capone, a self-represented litigant, filed this employment discrimination action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant City of Columbia's ("the City") motion to dismiss. (ECF No. 36.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Capone of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the City's motion. (ECF No. 39.) Capone filed a response in opposition to the motion (ECF No. 56), and a motion to amend the Complaint (ECF No. 84). The City filed a response in opposition to the motion to amend (ECF No. 87), to which Capone replied (ECF No. 90). Having reviewed the record presented and the applicable law, the court denies Capone's motion to amend and finds that the City's motion to dismiss should be granted and this matter be dismissed with prejudice.

**BACKGROUND**

Capone filed this action on September 3, 2019. The Complaint asserts various causes of action against the City, Capone's former employer, and other parties that were involved in the denial of Capone's workers' compensation benefits. (Compl., ECF No. 1.) The Complaint is filed on a standard complaint form for employment discrimination cases for *pro se* litigants. Capone

indicates that he files this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq. (Id. at 4.) Capone also indicates he seeks to raise claims of "obstruction of justice," "hand of one hand of all," and "Employer [workers compensation] insurance fraud." (Id.) Capone attaches to the Complaint a charge of discrimination to the South Carolina Human Affairs Commission ("SCHAC") and a Right to Sue Letter from the United States Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1-1 at 1-2.)

Capone also attached a document to the Complaint that he purportedly filed with his EEOC charge of discrimination, and which he incorporates by reference in the Complaint. (ECF No. 1-1 at 3-17.) In that document, Capone asserts that the South Carolina Workers' Compensation Commission is unconstitutional and that the defendants named in this matter violated RICO when they denied his workers' compensation claim. (Id.) In his claim for damages, Capone seeks compensation for workers' compensation benefits that he was denied, medical expenses, and emotional distress. (Compl., ECF No. 1 at 7.)

The court authorized the issuance and service of process against the City, construing the Complaint as asserting claims of race and disability discrimination and retaliation against the City pursuant to Title VII and the ADA in light of Capone's use of the standard employment discrimination complaint form, assertion of employment discrimination claims, and EEOC and SCHAC documentation. (Order, ECF No. 22.) The court also issued a contemporaneous Report and Recommendation that recommended that Capone's claims against the other parties be summarily dismissed as frivolous. (R&R, ECF No. 21.) The court concluded that Capone's Title VII and ADA claims against the other defendants and Capone's claims pursuant to RICO were

frivolous, including the RICO claim against the City. (Id.) Senior United States District Judge Cameron McGowan Currie adopted the Report and Recommendation as to the RICO, Title VII, and ADA claims, dismissed a state law claim of obstruction of justice or fraud, and recommitted this matter to the assigned magistrate judge for further proceedings as to the surviving Title VII and ADA claims against the City. (Order, ECF No. 34.)

On February 14, 2020, the City filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 36.) The City argues that Capone's Title VII and ADA claims should be dismissed because Capone failed to timely exhaust his administrative remedies and the factual allegations in his Complaint fail to state a claim upon which relief can be granted. (Id.)

Capone now files a motion to amend his complaint.[1] (Mot. to Amend., ECF No. 84.) Capone's proposed amended complaint includes all of the Title VII, ADA, and RICO claims previously dismissed by the court as frivolous and the defendants previously dismissed by the court. (Proposed Am. Compl., ECF No. 84-1 at 7.) The proposed amended complaint also includes new claims against the City—civil rights violations pursuant to 42 U.S.C. §§ 1981 & 1983 under the Fifth, Eighth, and Fourteenth Amendments; "fraud;" "perjury;" and intentional infliction of emotional distress. (Id. at 9, 39.)

Capone also adds new factual allegations against the City in the proposed amended complaint. Capone asserts that while he was employed as a firefighter, the City discriminated against him in the City's "Promotional Testing Scheme" based on his race and disability, retaliated

---

[1] The court previously denied Capone's first motion to amend the complaint because Capone filed an incomplete draft of a proposed amended complaint and indicated he needed more time to submit a final proposed amended complaint. (ECF No. 79.)

against him for complaining about racial disparities in the "promotional testing," and improperly paid him overtime wages.[2] (Id. at 3-4.)

Further, the proposed amended complaint's prayer for relief includes demands for injunctive relief and damages against the City for its purported violations of Title VII and § 1981. (Id. at 36-37.) Capone also seeks damages against all of the defendants for purported RICO violations regarding Capone's denial of workers' compensation benefits. (Id. at 38.)

**DISCUSSION**

**A.     Capone's Motion to Amend**

In his proposed amended complaint, Capone includes (1) the Title VII, ADA, and RICO claims and the defendants previously dismissed by the court; (2) new federal civil rights and state law claims against the City, and (3) new allegations against the City to support the new claims and the Title VII and ADA claims previously construed by the court. But, as argued by the City in its response in opposition to Capone's motion to amend, (ECF No. 87), Capone's proposed amendment would be futile. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave when justice so requires. Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, if the proposed

---

[2] Capone previously filed a lawsuit against the City in which he claimed that his promotion to Battalion Chief in 2011 was delayed because the City's testing system discriminates against African Americans and that his overtime pay was miscalculated. C/A No. 3:12-cv-3369-CMC. The court granted summary judgment to the City.

amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted).

First, Capone's proposed amended complaint includes all of Title VII, ADA, and RICO claims previously dismissed by the court as frivolous and the defendants previously dismissed by the court.  Capone does not add any facts or allegations that would change the court's finding that these claims are frivolous, nor does Capone identify any error in the court's reasoning that would give the court reason to reconsider its previous conclusions.  Therefore, Capone's addition of the claims previously dismissed would be futile for the reasons stated in Judge Currie's Opinion and Order adopting the Report and Recommendation.  (ECF No. 34.)

Second, while the proposed amended complaint includes references to civil rights claims pursuant to 42 U.S.C. §§ 1981 and 1983 and various state law claims, Capone fails to plead facts plausibly showing that the conduct of which he complains violated his rights or entitles him to relief, and no such conduct is apparent on the face of the proposed amended complaint.  See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).  The City correctly argues that Capone fails to plausibly allege factual allegations that would satisfy the pleading requirements for any of these claims.  Therefore, Capone's addition of these claims against the City is futile.

Third, as explained in the court's analysis of the City's motion to dismiss, *infra*, Capone's Title VII and ADA claims are subject to dismissal, even considering the new allegations raised in

the proposed amended complaint. Therefore, Capone's addition of these factual allegations against the City is futile.

Accordingly, Capone's motion to amend is denied because his proposed addition of claims, parties, and factual allegations would be futile. (ECF No. 87.)

**B.      Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the

existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## C.     The City's Motion to Dismiss

The City argues Capone fails to identify any adverse action taken by the City that could support a claim for discrimination or retaliation under Title VII or the ADA.  The City also argues that because Capone retired from his employment with the City in 2014, Capone's May 28, 2019 charge of discrimination was not filed within the requisite 300-day statute of limitations.  The court agrees.

Although Capone's response in opposition to the motion references an email he sent to the City complaining that it transmitted incorrect wage, salary, and overtime data "in reference to [Capone's] retirement," (Pl.'s Resp. Opp'n Mot. to Dismiss, ECF No. 56 at 4-5), Capone fails to assert facts plausibly suggesting a Title VII or ADA claim connected with his retirement pay.  Nor does Capone's proposed amended complaint provide any clarity.  Capone alleges he had "overtime pay disputes" and was "improperly paid overtime wages," (ECF No. 84-1 at 3-5), but it appears that refers to claims he already litigated against the City in his 2012 lawsuit.  C/A No. 3:12-cv-3369-CMC.  The proposed amended complaint also includes one of the two October 2018 emails he sent to city officials regarding the purported miscalculation of his retirement pay.  But again, Capone provides no facts indicating that the purported miscalculation of his pay data is connected to his discrimination and retaliation claims.  See Weller, 901 F.2d at 391 ("While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them. . . .  Only those questions which are squarely presented to a court may properly be addressed.") (internal quotation marks and citations omitted).  Accordingly, the court agrees with

the City that Capone has failed to identify an adverse action that could support a Title VII or ADA claim.

## RECOMMENDATION

Based on the foregoing, the court recommends the City's motion to dismiss be granted and this action be dismissed with prejudice. (ECF No. 36.)

Further, it is hereby

**ORDERED** that Capone's motion to amend is denied. (ECF No. 84.)

**IT IS SO ORDERED.**

June 24, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).