IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Terry H. Capone, | C/A. No. 3:19-cv-2490-CMC-PJG |
|           Plaintiff, | |
|   v. | **Opinion and Order** |
| | **adopting Report and Recommendation** |
| City of Columbia, | |
|           Defendant. | |

Through this action, Plaintiff Terry H. Capone ("Capone") seeks recovery from his former employer, the City of Columbia ("the City"), alleging discrimination in his employment, from which he is now retired. ECF No. 1. The lawsuit originally included other claims and defendants; however, after initial review of the Complaint, the court dismissed all claims and defendants except the Title VII and ADA claims against the City. ECF No. 34.

Shortly after the court dismissed most claims and defendants, the City moved to dismiss the remaining claims under Title VII and the ADA for failure to state a claim. ECF No. 36. It argues the remaining claims should be dismissed because Capone failed to exhaust administrative remedies under Title VII or the ADA, and because his factual allegations do not establish a plausible basis that the City discriminated against him based on race or disability, as there was no adverse employment action taken against him. *Id.* at 6-7. Capone filed a response in opposition. ECF No. 56.

Capone also filed a motion to amend the Complaint to add additional parties, including those already dismissed, and additional claims, including those dismissed by the court's previous Order. ECF No. 54. He then filed a motion to join 23 additional named defendants plus "unknown

Defendants that may be made known after discovery." *Id.* at 2. The City filed a response in opposition, arguing the proposed amendments would be futile. ECF No. 69. The Magistrate Judge denied without prejudice Capone's motion to amend so that Capone could refile a proper motion and proposed amended complaint. ECF No. 79. Capone filed such a motion (ECF No. 84), and the City replied (ECF No. 87).

On June 24, 2020, the Magistrate Judge filed an Order and Report denying Capone's motion to amend and recommending the City's motion to dismiss be granted and the action be dismissed with prejudice. ECF No. 91. Capone filed objections on August 4, 2020, after an extension. ECF No. 98.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

The Order and Report denies Capone's motion to amend the Complaint "because his proposed addition of claims, parties, and factual allegations would be futile." ECF No. 91 at 6. It further recommends granting the City's motion to dismiss because the charge of discrimination was filed beyond the statute of limitations, and because Capone failed to identify an adverse action that could support a claim under Title VII or the ADA. *Id.* at 7.

Capone objects, arguing the Report is "Void due to Fraud on the Court, Lack of Subject Matter Jurisdiction, Failure to render Constitutional protections (safeguards) i.e. Procedural Due Process and other violations of law." ECF No. 98. He contends he has met "all legal burdens necessary to establish each of his claims," and "genuine and determinative issues of fact exist that should be decided by a jury." *Id.* at 3. He states his proposed amendments are not futile and he did not fail to exhaust administrative remedies, because exhaustion is not a prerequisite to bring his claims and the statute of limitations is tolled and based on state law, as he has been under a disability since October 21, 2013. He requests "Mandatory Judicial Notice" of four pages of legal and factual points, including that he substantially complied with the scheduling order through his motion to amend; of his emergency motion to disqualify and recuse Judges Gossett and Currie, of his VA total disability effective February 3, 2014, and of liberal construction of pro se pleadings; that entitlement to worker's compensation is a property interest; equitable tolling may be applied when justified; he is disabled and the statute of limitations is tolled; fraud on the court; several Latin maxims; and other points he asserts support his claims. He contends the City continues to perpetrate fraud on the court, and he has proven his claims.

**I.     Denial of Motion to Amend Complaint**

Capone argues his proposed amendments are not futile and that his amended complaint "added facts and evidence not previously before the Court and I requested help from the Court with two motions to appoint counsel." ECF No. 98 at 4. The court will construe this as an appeal of the Magistrate Judge's Order denying his motion to amend his Complaint and will consider his arguments as such.

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the Magistrate Judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections . . .

Fed. R. Civ. P. 72(a).

With respect to a Magistrate Judge's ruling on a nondispositive pretrial matter, a district court shall "modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The Supreme Court has stated that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948).

The court has reviewed the proposed Amended Complaint and agrees with the Magistrate Judge the proposed amendments are futile. Many amendments concern claims already dismissed by this court and/or already ruled upon in Capone's previous case, in which summary judgment was granted for the City. *See* C/A No. 3:12-cv-3369. The proposed claims not already ruled upon

4

do not set forth plausible amendments regarding his exhaustion or any adverse employment action that would result in denial of the City's motion to dismiss, discussed *infra*. The proposed amendments are conclusory, repetitive, and do not save Capone's claims from dismissal. Therefore, this court finds the Magistrate Judge's Order denying Capone's motion to amend was not clearly erroneous or contrary to law, and affirms.

**II.     Motion to Dismiss**

First, it appears Capone's Title VII and ADA claims must be dismissed for failure to file an administrative charge within 300 days of his retirement from the City in 2014. Capone acknowledges his claim "primarily addresses the history of three workers' compensation claims that Plaintiff filed in 2013," and "refers to other employment or retirement-related events, such as communications regarding returning to work in 2013 and 2014, communications regarding disability retirement benefits in 2014, communications regarding changes in the City employee pay system in 2014, and the Court's dismissal of a lawsuit Plaintiff filed against the City in 2012." ECF No. 98 at 3-4. Capone argues he filed as many as five administrative charges of discrimination against the City, and that "the exhaustion of my administrative remedies is not a prerequisite to bring my claims that have been going on to this court." *Id.* at 3. He also contends the statute of limitations has been tolled because he has been "under disability by Social Security since October 21, 2013 and Department of Veterans Affairs February 3, 2014, and unsound mind." *Id.* He also claims equitable tolling should apply.

Capone acknowledges his claims are related to alleged actions by the City in 2012-2014; therefore, an EEOC charge filed in 2019 would not have been within the 300-day period from the alleged discrimination. Although he attempts to save these claims by referring to previous administrative charges filed and other "communications" with the City, he does not establish the

5

previous charges were timely or tied to this litigation based on their contents. Furthermore, even if one of the previous EEOC charges was related to the claims in this lawsuit, he would have missed the period in which to file a lawsuit in federal court after closure of the EEOC claim. In other words, the timeline simply does not work. His arguments regarding equitable or other tolling of the statute of limitations are equally unavailing. Capone seems to argue he was under such an incapacity due to his mental disability he could not have pursued these claims until now. *See United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity.") (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"). However, Capone's previous EEOC charges and lawsuit show he was able to engage with the legal process in the years after his retirement. *Sosa*, 364 F.3d at 513 (finding Defendant's engagement in legal challenges "indicates quite clearly that his is not an extraordinary case.").

Second, the court agrees Capone has not established the City took an adverse employment action against him, or that he engaged in protected conduct and was retaliated against. The court notes his claims in this suit appear to be related to his workers' compensation claims, which have been litigated in state court, and overtime pay disputes already litigated in the 2012 case. Even if permissible in this suit, Capone does not connect these emails or claims to any discriminatory or retaliatory actions allegedly taken by the City. Accordingly, Capone's objections to the Report are overruled.

### III. Motion for Recusal

Finally, Capone filed a Motion for Recusal or to disqualify Judge Gossett and the undersigned. ECF No. 74. Capone argues "the facts as stated clearly satisfies the standards of the [recusal] statute since any responsible person, apprised of these circumstances, would reasonably question the court's impartiality." *Id.* at 2. Capone contends he "disagreed" with previous orders of this court and, because appeals are pending, the undersigned has a "personal interest in the present case." *Id.* at 3-4. The motion was denied as to Judge Gossett on May 8, 2020. ECF No. 77.

It is well established that mere disagreement with judicial rulings and unsupported allegations of bias are insufficient to warrant recusal. The Supreme Court has noted

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Applying a purely objective test,[1] the court considers whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *Cherry*, 350 F.3d at 665; s*ee also In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990) (stating that objective component requires the court to decide "whether a reasonable person [would perceive] a significant risk that the judge will resolve the case on a basis other than the merits.") A "reasonable person" is not someone who is

---

[1] Some courts address a recusal motion pursued under Section 455(a) in two distinct steps, applying both objective and subjective components. *See Holland*, 519 F.3d at 914-15. Other courts, including the Fourth Circuit, consider the test a purely objective one. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).

"hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Id*. at 386. A judge is not required to recuse because of "unsupported, irrational, or highly tenuous speculation;" to do so would allow a litigant "to exercise a negative veto over the assignment of judges." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998). Additionally, a decision whether to recuse under Section 455(a) "is necessarily fact-driven and may turn on subtleties in the particular case." *Holland*, 519 F.3d at 913.

Capone does not advance a proper ground for recusal – mere disagreements with the court's rulings in his case(s) do not suffice. He argues the undersigned has an "obvious bias against [his] pro se litigant status; and perhaps a bias/prejudice against my disabled pro se litigants status; or maybe just a personal bias/prejudice against Plaintiff Terry H Capone," and has already made up her mind about his case. However, he has advanced no evidence that the Magistrate Judge or the undersigned's rulings were tainted by an extrajudicial source of bias or prejudice, or that any of his proffered characteristics were discriminated against at all. Accordingly, Capone's motion to recuse the undersigned (ECF No. 74) is denied.

## CONCLUSION

For the reasons set forth above, the court adopts the Report, affirms the Order denying Capone's motion to amend the complaint, and grants the City's motion to dismiss (ECF No. 36). The Report is hereby incorporated into this Order. The court also denies Capone's motion to recuse the undersigned (ECF No. 74). This action is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 17, 2020